IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRUCE P. PAOLINI, ) | |
| ) | Case No. CV-02-41-S-BLW |
| Plaintiff/Counterdefendant, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER AWARDING** |
| ) | **ATTORNEYS' FEES** |
| ALBERTON'S, INC. ) | |
| ) | |
| Defendant/Counterclaimant, ) | |
| ) | |
| PLAN ADMINISTRATOR OF ) | |
| ALBERTSON'S 1995 AMENDED ) | |
| AND RESTATED STOCK-BASED ) | |
| INCENTIVE PLAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

Albertson's, Inc. (Albertson's) and the Plan Administrator of Albertson's Amended and Restated Stock-Based Incentive Plan (the Administrator) (collectively, the Defendants) have filed their Second Petition for Attorney's fees requesting that the Court award attorneys' fees in the amount of $640,992.62. For the reasons set forth below, the Court will partially grant and partially deny the Petition.

**Memorandum Decision and Order - 1**

## BACKGROUND

The lengthy procedural background of this action has been addressed in the Court's prior orders and will not be repeated here. However, for purposes of the pending petition, the following background is relevant. On August 10, 2004, the Court filed a Memorandum Decision and Order, granting in part and denying in part Defendants' Petition for Attorney Fees in which the Defendants requested an award of $762,663.75. The Court concluded that § 12-120(3)[1] applies to Paolini's fourth, fifth, ninth and eleventh claims, which were based on the stock option agreement, which is a type of employment contract, and thus a commercial transaction. The Court also concluded that Idaho Code § 12-120 applies to Albertson's counterclaim for recovery under the promissory note. Therefore, the Court directed the Defendants to submit a revised bill of costs, listing fees incurred defending against the above-referenced claims and in bringing the Counterclaim. On August 20, 2004, the Court filed an Order Amending the August 10, 2004, Memorandum Decision and Order to direct the Defendants to submit to the Court their motion for attorneys' fees and stating that the original cost bill as taxed by the clerk would remain in full force and effect.

---

[1] Idaho Code § 12-120(3), requires an award of reasonable attorneys fees to the prevailing party when the basis of recovery is a commercial transaction.

**Memorandum Decision and Order - 2**

On September 3, 2004, in compliance with the Court's Amended Order of August 20, 2004, the Defendants filed their Second Petition for Award of Attorneys' Fees.  The Petition is supported by the Affidavits of Charles F. ("Chip") Cole and J. Walter Sinclair who assert that the amounts of attorneys' fees Defendants incurred are as follows:

1. $255,414.47 relating to defending against claims four, five, nine and eleven ("the stock option claims")
2. $15,933.40 relating to bringing and prosecuting the Counterclaim for collection on the promissory note; and
3. $369,644.75 in procedural matters relating to all claims.

Based upon these figures, the Defendants request the Court award attorneys' fees in the amount of $640,992.62.  Plaintiff Bruce P. Paolini (Paolini) contends that the Defendants should be awarded no attorneys' fees.

The Court has reviewed the evidence and considered the arguments of counsel.  For the reasons set forth below, the Court concludes that attorneys' fees should be awarded for most, but not all, of the work as requested by the Defendants in their Second Petition.  The Court will address each of the above items in turn.

**Memorandum Decision and Order - 3**

## DISCUSSION

In resolving the present dispute over attorneys' fees, the Court has heeded the United States Supreme Court's view that "[a] request for attorney fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Ninth Circuit has described the burdens to be met by the parties to an attorney fees dispute as follows:

> The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charges or the facts asserted by the prevailing party in its submitted affidavits.

*Gates v. Deukmejian*, 987, F.2d 1392, 1397-98 (9th Cir.1993). As will be explained below, the Defendants' counsel have, for the most part, met their burden of submitting the required documentation regarding hours worked and, for the most part, Paolini has not rebutted this documentation. However, Paolini has persuasively argued that, for the award to be consistent with the Court's August 10, 2004 Memorandum Decision and Order, the Court should reduce somewhat the amount of fees requested by the Defendants as to work on procedural matters.

Paolini first contends that Defendants' revised bill shows descriptions of work involving legal opinions and legal notes that the Defendants did not list on

**Memorandum Decision and Order - 4**

the privilege log. There are three sets of documents that Paolini asserts should have been listed on Defendants' privilege log and disclosed to him: (1) memoranda Stoel Rives LLP prepared in January 2002; (2) notes from a telephone interview between Chip Cole, Albertson's attorney and Group Vice President of Litigation and Regulatory Affairs, and Tom Saldin, Albertson's former General Counsel; and (3) documents which Paolini believes to exist because the billing statements of Skadden, Arps, Slate, Meagher & Flom LLP (Skadden) reflect that the Skadden firm performed research on certain issues in September, 2001.

Paolini contends that these documents come within the purview of an order entered by the Honorable Larry M. Boyle and that the documents should have been disclosed to him because Defendants granted him an advice of counsel waiver. Paolini claims that, because the non-disclosure of these documents prejudiced his ability to prosecute his lawsuit and defend against the Defendants' counterclaim, the Defendants should receive no award of attorneys' fees. The Court will address each set of documents in turn.

### 1.   *The Stoel Rives Memoranda Prepared in 2002*

The memoranda prepared by Stoel Rives in 2002 are not discoverable because U.S. Magistrate Judge Boyle only required Defendants to produce documents created during the time between June 1999 (the Albertson's/American

**Memorandum Decision and Order - 5**

Stores Merger) to November 2001 (the Administrator's decision). Moreover, Paolini has failed to show that Defendants' waiver of the attorney-client privilege, which was strictly limited to advice from Skadden regarding accelerated vesting of stock options, applied to these documents. The waiver of privilege did not extend to advice from Stoel Rives. Therefore, Defendants were not required to disclose these documents on their privilege log.

    2.    *Notes Pertaining to Cole-Saldin Telephone Conversation*

On a November 1, 2002 billing entry, Wade Woodard of Stoel Rives described his activity as "review Tom Saldin notes." At first blush, it would appear that Woodard was reviewing notes that Tom Saldin had prepared; however, the record reflects that the notes referred to in that billing entry were prepared by Chip Cole, an in-house attorney for Albertson's, during a telephone interview he had with Saldin, and are therefore protected by the attorney work-product doctrine.

    3.    *The "Skadden Documents"*

Paolini correctly cites to references in Skadden's billing statements showing that Skadden researched certain issues. However, as Defendants' counsel points out, those statements do not reflect that any documents were created as a result of this research. In fact, the record reflects that the only document Skadden forwarded to Defendants was a position statement which Defendants produced to

**Memorandum Decision and Order - 6**

Paolini. The Court concurs with Defendants' counsel assertion that, even if Skadden prepared additional documents, as long as Skadden did not forward such documents to Defendants, they are not subject to the advice-of-counsel waiver.

In light of the above discussion, the Court finds no basis upon which to preclude an award of attorneys' fees to the Defendants in this matter.

Paolini next argues that it would be unfair to award fees to Defendants for work on tasks that affected all claims because such work related, in part, to claims that do not come within the purview of Idaho Code § 12-130. The Defendants point out that most of those fees, involving procedural matters, would have been incurred even if Paolini's Complaint included only commercial claims. However, both the Defendants and Paolini appear to acknowledge that it may be difficult, if not impossible, to precisely allocate the fees between the work on procedural matters which relate to the four claims and the counterclaim for which the Court has authorized attorneys' fees and the work on procedural matters which rekate to those claims for which the Court has not authorized attorneys' fees. No doubt some of the procedural work would have been required even if Plaintiff's Complaint had been limited to commercial claims. However, in its Memorandum Decision and Order dated August 10, 2004, the Court found that Paolini was responsible only for four counts and the counterclaim. Although the Defendants

**Memorandum Decision and Order - 7**

contend that they are entitled to all fees related to procedural matters, they suggest that, at a minimum, such fees should be split on a pro rata basis. The Court concludes that a pro rata award would be fair and reasonable and will therefore award attorneys' fees in the amount of $142,165.37 for work on procedural matters.[2]

Paolini also argues that fees should not be granted for time expended by the Defendants' attorneys prior to commencement of the litigation on January 31, 2002. However, the Defendants reasonably anticipated that Paolini would file suit against them and acted prudently in preparing for the expected litigation. Therefore, the Court holds that such work should be included in the Defendant's award.

Paolini next argues that the Defendants should not be awarded fees they incurred for trial preparation. He contends that the Defendants should have waited to prepare for trial until after the Court ruled on the Defendant's Motion for Summary Judgment. Although the Defendants originally set their Motion for Summary Judgment for hearing on September 19, 2002, the hearing on the motion was continued at Paolini's request. The Court entered its Order on the Motion for

---

[2] Because the Court found that five (four of Paolini's claims plus Defendants' counterclaim) of the lawsuit's 13 claims are commercial claims for a total of 38.36 percent, the pro rata share of the fees incurred on matters affecting all claims is $142,165.37 ($369,644.75 x .3846).

**Memorandum Decision and Order - 8**

Summary Judgment on May 15, 2003.  Trial had been set for June 16, 2003. Having sued the Defendants for more than $43 million in a lawsuit raising complex legal issues, Paolini cannot reasonably expect that the Defendants should have waited until the eleventh hour to prepare for trial.  Paolini aggressively prosecuted this action, and the Defendants vigorously and timely defended themselves.  The Court finds that the Defendants attorneys' fees incurred in trial preparation were reasonable.

Paolini also argues that Defendants are not entitled to recovery of jury consultant fees; however, the Defendants are not seeking such a recovery.  Rather, the Defendants seek to recover the time spent by their attorneys and paralegals working with the jury consultants on trial preparation.  Thus, these fees are compensable.

Finally, Paolini argues that fees incurred by attorneys with the Skadden firm are not recoverable because no Skadden attorneys were admitted in the case, and their rates exceed market rates.  The fact that the Skadden attorneys did not appear in the case is not relevant. Rather, in determining an award of attorney fees, the Court must determine whether the time expended by the Skadden firm was duplicative.  *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir.1994).  The record does not support a finding that the Skadden fees reflect duplicative work

**Memorandum Decision and Order - 9**

performed by other counsel.

The Court will next address the issue of the rate at which the Skadden attorney should be compensated. Ordinarily, the relevant legal community for determining the prevailing market rates for attorneys' fees is the community in which the forum is situated. *Gates v. Deukmajian*, 987 F.2d at 1405. However, higher rates may be justified where the issues "are extremely complex and thus require experienced and sophisticated counsel." *Id*. Here, the Skadden attorneys provided special expertise on complex securities issues. The Defendants acted reasonably in obtaining specialized counsel to assist them with these issues, and should be awarded the fees charged by Skadden, even though these fees exceeded the prevailing market rates in the District of Idaho.

Paolini also has requested the Court clarify whether any award of attorneys' fees will be reduced or eliminated if the underlying judgment on any or all of the 4 counts is reversed as a result of his appeal now pending before the Ninth Circuit. It would be premature for the Court to address this issue. If, after the Ninth Circuit issues its decision, Paolini believes that he has grounds to request a reduction or elimination of the Court's award of attorneys' fees, he may file an appropriate motion.

# ORDER

IT IS HEREBY ORDERED that Defendant's Second Petition for Award of Attorneys' Fees (Docket No. 341) is GRANTED IN PART and DENIED IN PART. Consistent with the above Memorandum, the Memorandum Decision and Order dated August 10, 2004 (Docket No. 339), and the Order Amending Memorandum Decision and Order dated August 20, 2004 (Docket No. 340), Defendants are awarded attorneys' fees in the amount of $413,513.24.[3]

IT IS FURTHER ORDERED that Plaintiff's Objections as set forth in Docket No. 342 are OVERRULED, and that Paolini's Motion to Obtain Documents Defendants Did Not List on Their Privilege Log is DENIED.[4]

DATED: **June 21, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

---

[3] This figure reflects $255,414.47 relating to defending against claims four, five, nine and eleven; $15,933.40 relating to bringing and prosecuting the counterclaim for collection on the promissory note; and $142,165.37 relating to procedural matters which have been apportioned to these claims and counterclaim.

[4] The Motion was not separately docketed, but was attached to Paolini's Memorandum in Support of Objections (Docket No. 342).